**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION TO EMPLOY STONE & BAXTER, LLP**
**AS COUNSEL FOR DEBTOR**

COMES NOW Allison Belinda Burkett, Debtor and Debtor-in-Possession in the above-captioned case (the "**Debtor**"), and files this *Application to Employ Stone & Baxter, LLP as Counsel for Debtor* (the "**Application**"), respectfully showing as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court according to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 327, 328, and 1184 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 2014.

**Background**

3. Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on July 1, 2026 (the "**Petition Date**").

4. Debtor continues to operate her business and manage her property as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

5. No creditor's committee has been appointed in this case. No Chapter 11 trustee or examiner has been appointed in this case.

6. Jenny Martin Walker was appointed as the Subchapter V Trustee (the "**Sub V Trustee**") on July 2, 2026. [Dkt. 5].

**Relief Requested**

7. Pursuant to Sections 327 and 328 of the Bankruptcy Code, Debtor seeks, and requests this Court authorize, the retention of Stone & Baxter, LLP ("**Stone & Baxter**") as her counsel from the Petition Date. The terms of Debtor's proposed retention are outlined in an Engagement Letter dated June 30, 2026, a true and correct copy of which is attached as **Exhibit A** (the "**Engagement Letter**"). Stone & Baxter received an initial deposit of $12,500.00 which included $1,738.00 for the filing fee.

8. As outlined in the Rule 2014 Verification of David L. Bury, Jr., attached as **Exhibit B** (the "**Bury Verification**"), the attorneys practicing in the law firm of Stone & Baxter are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are qualified to represent Debtor. To the best of Debtor's knowledge, and except as shown on the Norton Verification, neither Stone & Baxter, nor any attorney employed with Stone & Baxter, has any connection with Debtor, Debtor's creditors, or any other party-in-interest or their respective attorneys or accountants, including the United States Trustee and those in Trustee's office.

9. In the continuance of Debtor's business and pending proceedings in this Court, it will be necessary for various professional services to be rendered for which it is necessary to retain counsel, among those services being:

a. to give Debtor legal advice with respect to the powers and duties of a Debtors-in-Possession in the continued operation of the business and management of Debtors' property;

b. to prepare on behalf of Debtor, as a Debtor-in-Possession, necessary applications, motions, answers, reports, and other legal papers;

c. to continue existing litigation, if any, to which Debtor-in-Possession may be a party and to conduct examinations incidental to the administration of her estate;

d. to take any and all action necessary to ensure the proper preservation and administration of Debtor's estate;

e. to assist Debtor-in-Possession with the preparation and filing of her Statements of Financial Affairs and schedules and lists as are appropriate;

f. to take whatever action is necessary with reference to the use by Debtor of her property pledged as collateral, including cash collateral, to preserve the same for the benefit of Debtor and secured creditors in accordance with the requirements of the Bankruptcy Code;

g. to assert, as directed by Debtor, all claims Debtor has against others;

h. to assist Debtor in connection with claims for taxes made by governmental units;

i. to assist Debtor in preparation of her Plan of Reorganization and confirmation thereto; and

j. to perform all other legal services for Debtor as Debtor-in-Possession that may be necessary.

10. The terms of employment of Stone & Baxter agreed to by Debtor and Debtor-in-Possession, subject to approval of this Court, are that attorneys and other professional personnel within the firm will undertake this representation at their standard hourly rates, which now range between $235.00 and $420.00 for each attorney, and $135.00 for paralegals and research assistants, including all travel time. Such hourly rates are subject to periodic adjustment by Stone & Baxter in accordance with its usual changes in billing rates to reflect increased experience, reputation, and expertise of the firm's attorneys and other professionals. The law firm will receive additional deposits and such other payments (including $5,000.00 per month payments, as outlined in the Engagement Letter) as are authorized by any administrative order entered in this case and will

make periodic applications to the Court for approval of interim compensation and final compensation from Debtor's estate at the conclusion of this case.

11. Except as shown in the Bury Verification, Stone & Baxter does not hold nor does the firm represent any interest adverse to the Debtor or Debtor-in-Possession or her estate in matters upon which it is to be engaged for Debtor-in-Possession, Stone & Baxter's employment would be in the best interest of the bankruptcy estate, and Debtor-in-Possession seeks to employ Stone & Baxter as counsel in this case.

12. Debtor requests this Application be allowed on an interim basis, subject to final approval in accordance with Bankruptcy Rule 6003.

WHEREFORE, Debtor respectfully requests that this Court enter an interim order substantially in the form attached on **Exhibit C** authorizing, subject to a 21-day objection period, the employment of Stone & Baxter as Debtor's counsel in this case effective as of July 1, 2026.

Respectfully submitted, this 15th day of July, 2026.

**STONE & BAXTER, LLP**
By:

/s/ *David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 486182

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
tcrymes@stoneandbaxter.com

Proposed Counsel for Debtor

G:\CLIENTS\Middle Georgia Vascular Surgery Center, LLC\Burkett v. Ch. 11\First Day Motions\1. Application to Employ Stone & Baxter (final for upload).docx

# EXHIBIT A

## Engagement Letter

STONE & BAXTER, LLP
ATTORNEYS AT LAW
577 THIRD STREET
MACON, GEORGIA 31201-8256
(478) 750-9898; (478) 750-9899 (fax)

June 30, 2026

***Writer's E-mail: dbury@stoneandbaxter.com***

**Via E-Mail**
Allison B. Burkett, M.D.

**RE: Chapter 11 Bankruptcy Case**

Dear Dr. Burkett:

This letter will confirm that you have engaged our firm to represent you in connection with an anticipated reorganization to be filed under Chapter 11 of the United States Bankruptcy Code (the "**Reorganization**") in the Middle District of Georgia.

This Firm's representation in the Reorganization will be of you, to the exclusion of all other persons or firms; provided, however, that our firm already represents one of your affiliates in a Chapter 11 case that is currently pending or about to be filed in the Middle District of Georgia. You have represented to us that the Firm's engagement has been properly authorized.

Subject to the foregoing, this letter sets forth the terms under which we have agreed to represent you, including our procedures for presenting statements and being compensated for services rendered and out-of-pocket expenses incurred during the course of the representation.

1. Pre-Conditions to Representation. As a pre-condition to the Firm's agreeing to represent you, you have agreed to provide the Firm with a complete list of each your creditors. The Firm's agreement to present you in the Reorganization is contingent upon our satisfaction that we neither hold nor represent any interest adverse to you and are "disinterested persons" as required under applicable provisions of the Bankruptcy Code. The Firm will disclose to you and to the Bankruptcy Court the identity of any individual or firm identified to us by you which the Firm currently represents or which the Firm has represented in the past. If there is an active conflict between the Firm's representation of any such third-party and the Firm's representation of you, we will request that you and such third-party waive such conflict to enable the Firm to represent you. If any such third party declines to grant such a waiver, we will be unable to represent you in connection with a claim against such third party.

2. Bankruptcy Court Approval of Retention. The Firm's representation of you in connection with the Reorganization will be subject to approval by the Bankruptcy Court presiding over the Reorganization. We will request that the Bankruptcy Court approve the compensation procedures outlined in this letter. In the event that the Bankruptcy Court approves additional or different procedures, this letter shall be deemed amended to conform to the procedures required by the Bankruptcy Court.

3. Billing Rates and Out-of-Pocket Expenses. The Firm will represent you in connection with the Reorganization on a time-billing basis. The hourly rates of attorneys practicing with the Firm currently range from $200.00 to $420.00 per hour. Time expended by research assistants and paralegals is currently billed at the rate of $135.00 per hour. Hourly time rates are adjusted periodically (usually each January) to reflect the increased skill or reputation of the individuals involved. Time charges apply to any travel time involved. You will be billed for any out-of-pocket expenses incurred by the Firm during the course of the representation, at the Firm's actual costs. Current costs for copies produced within the Firm are 25 cents per page for black and white copies and 35 cents per page for color copies. Large copy jobs will generally be contracted to an outside printing company, and you will be billed for the actual costs of such external services.

4. Deposit for Bankruptcy Case. Prior to commencing the representation and filing the Bankruptcy Case, you deposited with the Firm the sum of **$12,500.00** (the "**Deposit**"). The remainder of the Deposit on the Petition Date will be debited for any attorneys' fees and out-of-pocket expenses incurred on or after the filing of the bankruptcy case, effective as of the time of the Bankruptcy Court's authorization of such payments. The balance of the Deposit will be held in the Firm's trust account and applied against interim and final compensation awarded the Firm in the bankruptcy case under 11 U.S.C. §§ 330 and 331, including any court-established procedures which allow for monthly or other periodic billing and payment. Any balance of the Deposit remaining on hand after payment of all fees and expenses will be returned to you at the conclusion of the representation, unless prohibited by court order or the Bankruptcy Code, or unless you direct otherwise. **THIS IS NOT A FIXED FEE REPRESENTATION AND THE ULTIMATE COST OF THE REORGANIZATION WILL BE WELL IN EXCESS OF THE DEPOSIT.**

The Chapter 11 filing fee of $1,738.00 per entity will be paid from the Deposit.

5. Monthly Deposits. After the filing of the Bankruptcy Case and starting on July 1, 2026, you have agreed to make deposits of at least **$5,000.00** per month into this Firm's trust account and as much as necessary to keep the Firm's fees and expenses paid current, to be held in trust pending an award of interim and final compensation to this Firm in accordance with 11 U.S.C. §§ 330 and 331 or other court-established procedures. These ongoing deposits will be disclosed to the Court at the time of our application to be employed as counsel, and supplemental disclosures will be filed as required by Bankruptcy Rule 2014 and 2016(b).

6. Interim Compensation. We will apply for interim compensation to the Bankruptcy Court once every 120 days, or during such shorter periods as may be allowed by the Bankruptcy Court. In other cases, the Court has approved our use of compensation procedures for professionals which authorize that the Firm bill and be paid monthly for services rendered during the previous month. Amounts due as shown by such monthly billings in excess of any deposits we are holding will be due upon your receipt of the billing statement. Under the compensation procedures, we will submit formal applications for interim compensation to the Bankruptcy Court approximately every 120 days. If a party-in-interest objects to any specific charge or expense, the amounts for such charges and expenses will not be due until the Court approves payment.

7. Failure to Pay and Suspension of Services. If any deposit is not received within ten (10) business days from the date such deposit is due under this letter, the Firm will have the right to suspend non-emergency services until such deposit is brought current. If payment falls past due by thirty (30) days or longer, the Firm will have the right to withdraw from the representation.

8. Disclosure of Compensation Arrangements. This entire compensation arrangement, including a copy of this letter, may be disclosed to the Bankruptcy Court. The disclosure of this letter to the Bankruptcy Court is for the purposes of complying with the disclosure statements of 11 U.S.C. § 327, and Bankruptcy Rules 2014 and 2016, respectively, and such disclosure, shall not be deemed a waiver of any attorney-client or related privilege.

9. Governing Law. This Agreement shall be governed and interpreted in accordance with the laws of the State of Georgia, without regard to its conflicts of laws principles. Additionally, the General Terms and Conditions of Engagement attached hereto as Exhibit A are incorporated herein by this express reference.

You may acknowledge your understanding and acceptance of the foregoing terms of our representation by signing the acknowledgment at the foot of this letter and returning the same to me promptly.

As with any representation of this nature, we are unable to guarantee that you will be able to successfully restructure your finances. We do assure you, however, that we will use our best efforts on your behalf at all times. We thank you for retaining our Firm in connection with this important matter.

Sincerely,

STONE & BAXTER, LLP
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.

---

DLB/lc
Enclosure

**ACKNOWLEDGMENT**

The terms and conditions of this engagement letter set forth above are approved and accepted this 30th day of June, 2026.

______________________________
ALLISON B. BURKETT, M.D.

---

**EXHIBIT A**

**STONE & BAXTER, LLP**
**GENERAL TERMS AND CONDITIONS OF ENGAGEMENT**

Except as modified by the accompanying engagement letter, the following provisions will apply to this engagement:

1. Fees for services rendered will be based on applicable hourly billing rates for attorneys and paralegals. Hourly rates are usually reviewed and adjusted at the beginning of each calendar year. The time for which a client is billed will include, but not be limited to, office meetings, telephone conferences, conferences among our attorneys, paralegals, or representatives of adverse parties, factual investigations, legal research, responding to client audit requests, travel time, drafting of letters, memoranda, pleadings, agreements and other documents, waiting time in court, and time in depositions, discovery proceedings, hearings and trial.

2. In addition to our fees, we charge clients for certain expenses incurred in connection with our work for them. Unless we advise otherwise, these expenses will be billed at our actual cost, although certain expenses, such a computer-assisted legal research may be pro-rated among clients based upon allocated usage as reported to us by the third-party provider.

3. Although we may from time to time (for a client's convenience) furnish estimates of fees or costs that we anticipate will be incurred, these estimates are subject to unforeseen circumstances and are by their nature inexact.

4. Fees and other expense charges will be billed monthly and are payable upon presentation. We expect prompt payment. We reserve the right to postpone or defer providing additional services, or to discontinue our representation, if billed amounts are not paid when due.

5. Clients have the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services rendered (and all costs or expenses paid or incurred on behalf of the client) prior to the date of such termination. Notwithstanding any such termination, this firm will continue to preserve the attorney-client privilege as to all matters covered by such privilege at the time of such termination.

6. We reserve the right to withdraw from our representation if, among other things, the client fails to honor the terms of the engagement letter, the client fails to cooperate or follow our advice on a material matter, the client fails to cooperate in the representation, or because of any fact or circumstance that would, in our view, render our continuing representation unlawful or unethical. If we elect to withdraw, the client will take all steps necessary to free us of any obligation to perform further, including the execution of any documents or filings necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered (and costs and expenses paid or incurred on behalf of the client) to the date of withdrawal.

7. Our client is only the person or entity identified in the engagement letter. If our client is an entity, our representation does not include any affiliates, employees, officers, directors, shareholders or partners of the entity, and if our client is an individual, our representation does not include spouses, siblings or other family members. We are aware of no conflict of interest respecting this firm and any of the clients. We do represent a significant number of businesses. Accordingly, it is possible during the course of our representation of your interests that a conflict may arise. If so, we will promptly notify you and reserve the right to withdraw from this engagement or take such other Matter as the Code of Professional Responsibility may require.

8. Consistent with our professional obligations, we will attempt to identify conflicts in connection with any engagement and we may request a conflict waiver before we accept an engagement. Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from you so that we can accept an

engagement on their behalf. We will not undertake such representation of another client, or prospective client, or request an existing client to execute a conflict waiver if such representation would cause us to represent a client less zealously. Sometimes conflicts arise or become apparent after work begins on an engagement. When this occurs, we do our best to resolve the situation in a manner that best serves the interest of all of our affected clients.

9. We are accepting this engagement on the understanding that this engagement will not preclude us from accepting any other engagement from any other existing or new client; provided that (i) such engagement is not substantially related to the subject matter of any services we are providing in connection with this engagement, and (ii) in accepting such other engagement we would not impair the confidentiality of the proprietary, sensitive or otherwise confidential communications made in the course of this engagement.

10. When we complete our services for an engagement under this engagement, we will consider the attorney-client relationship for that engagement to have ended. If you later retain us to perform further or additional services, our attorney-client relationship will be revived subject to these terms of engagement and on the continuing understanding that it will not preclude us from accepting any other engagement from any new or existing client. Upon termination of our representation, we will retain our files pertaining to the case, including our drafts, notes, internal memorandum and work product. For various reasons, including the elimination of unnecessary storage expenses, we reserve the right, to destroy or otherwise dispose of any such items retained by us commencing seven (7) years following the termination of our engagement. Wills, deeds, trust instruments, or other documents having a legal significance of longer than our document retention period will continue to be maintained until returned to you or until you request their destruction. At your request, we will return your papers and other properties to you.

11. Due to their inherent nature, email communications, cell phone and other wireless communications may be vulnerable to interception by unauthorized parties during transmission. We cannot guarantee the confidentiality of any information sent by email by cell phone or other wireless transmissions, or that any such transmission would be considered to be continued to be covered by the "attorney-client" privilege, due to transmittal of the communications using a non-secure media. If you do not wish us to communicate by email, or by cell phone or other wireless transmissions on your matters, please notify us at your earliest convenience. In the absence of such notification, your consent will be assumed and we will not take any additional security measures, including, but not limited to, encryption. Although we subscribe to and use virus protection software that we believe to be reliable, we cannot warrant that any emails from us or attachments thereto are free from any virus. We recommend that you independently take steps to ensure that transmissions are actually virus-free.

12. During the course of our representation of you in your matter, you may be required to provide us with documents such as tax records, expense records, bank records, deeds, etc. We may hold these materials for you during the term of our representation of you in your matter. At the conclusion of the matter, we will be happy to make arrangements with you for the return of any records you provide. You should feel free to contact us at any time if you would like to obtain any original documents you provided to us. Unless we notify you otherwise or unless you request your files sooner, our policy is to retain your files and ultimately destroy them pursuant to the Firm's file retention schedule, as modified from time to time. We will be happy to provide you with the current retention schedule upon your request. Your files may be retained either at our offices or at a secure off-site storage facility. At our election, we may elect to convert any or all paper files/materials to electronic digital records. If you wish to have your files returned to you upon conclusion of our work for you or in lieu of destruction, you must notify us in writing of your wishes prior to the expiration of the applicable retention period. We may exclude from the files we return to you (a) materials that we consider to be attorney work product (including, for example, drafts, notes, internal memoranda, and correspondence), and (b) our internal billing files. You are responsible for the costs associated with retrieving your files from off-site storage and for sending them to you; and, if we so request, you will pay these costs prior to our retrieval of the files or sending the files to you. If you do not advise us prior to the expiration of the

retention period that you wish for your files to be returned to you, your files will be destroyed through a process designed to preserve the confidentiality of the information (shredding, incineration, pulping, burning, etc.).

13. Our Internet and On-line Privacy Policy. Your privacy is important to us. This notice explains our online information practices and the choices you can make about the way your information is used at our Website (www.stoneandbaxter.com).

(i) The information we collect

We do not collect personally identifiable information about you - such as your name, address, telephone number, fax number, e-mail address, etc. – unless you choose to email us directly.

(ii) How we normally use information about you

We use non-personally identifiable information to analyze site usage (such as aggregated information on the pages visited by our users), which allows us to improve the design and content of our site. In the ordinary course, we use personally identifiable information you provide solely to respond to your inquiry or process an application form you have completed on various sections of our Web site. Any data gathered will be shared, if appropriate, with any of the attorneys in our firm. We will not contact you about other matters, unless you specifically request it, nor will we share, rent, or sell your personally identifiable information outside Stone & Baxter, LLP, except where we are required to share your information with any third parties who provide services to us on your behalf. However, it is possible, though unlikely, that we might be forced to disclose personally identifiable information in response to legal process or when we believe in good faith that the law requires it, for example, in response to a court order, subpoena or a law enforcement agency's request. Also, we cannot guarantee the privacy of personal information you transmit over the web or that may be collectable in transit by others, including contractors who provide services to us.

(iii) Collection of information by third-party sites and sponsors

Our site contains links to other sites whose information practices may be different than ours. Visitors should consult the other sites' privacy notices as we have no control over information that is submitted to, or collected by, these third parties.

(iv) Our commitment to security

We employ security measures to prevent unauthorized access to information that we collect online. However, we cannot guarantee the security of your personal information.

(v) How to contact us

If you have any questions or concerns about the privacy policy for Stone & Baxter, LLP or its implementation, you may contact us at www.stoneandbaxter.com. If at any time you decide that we should no longer hold any of your personal data, or wish to change the use to which any such data can be put, please let us know by emailing us at www.stoneandbaxter.com.

(vi) Revisions to our Privacy Policy

We reserve the right to revise this policy or any part of it from time to time. Please review the policy periodically for changes.

# EXHIBIT B

## Rule 2014 Verification of David L. Bury, Jr.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**RULE 2014 VERIFICATION OF DAVID L. BURY, JR.**

I, David L. Bury, Jr., declare under penalty of perjury as follows:

1. I am a partner in the firm of Stone & Baxter, LLP (the "**Firm**"). I am authorized to make this Verification. This Verification is made on my personal knowledge. This Verification is offered in support of the forgoing Application by the Debtor to employ the Firm in the above-captioned case. All matters set forth herein are true and correct to the best of my knowledge, information, and belief.

2. All attorneys employed by the Firm are attorneys and counselors at law, duly admitted to practice in the State of Georgia, and admitted to practice in this Court. The Firm maintains offices at 577 Third Street, Macon, Georgia 31201.

3. Neither the Firm nor any attorney employed by the Firm has had any connection with the above-named Debtor, her creditors, any other person in interest in this case (including the United States Trustee and those in his office) or their respective attorneys, except as follows:

a) the Firm has counseled with the Debtor in relation to her financial situation and in preparation for instituting this Chapter 11 case, for which services the Firm has been fully compensated by the Debtor.

b) The Firm has appeared and participated in other matters with Jenny Martin Walker, the Subchapter V Trustee in this case.

c) The Firm also represents Middle Georgia Vascular Surgery Center L.L.C. (26-51113) in its pending Chapter 11 case in this Court.

4. With respect to connections with the United States Trustee or any persons employed in the Office of the United States Trustee, members of the Firm regularly practice in the Middle District of Georgia and, thus, have interacted with and know a number of individuals employed with the Office of the United States Trustee. The Firm's involvement with all persons associated with the Office of the United States Trustee has been on a professional basis as opposed to a social or business basis.

5. To the best of my knowledge, information, and belief, neither the Firm nor any attorney employed thereby holds or represents an interest adverse to the Debtor or the Bankruptcy Estate and, thus, the Firm and its attorneys are disinterested persons.

6. There are no arrangements between the Firm and any other entity for the sharing of compensation to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel, and associates of the Firm.

In accordance with 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.

This 15th day of July, 2026.

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.

# EXHIBIT C

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER ON APPLICATION TO EMPLOY STONE & BAXTER, LLP AS COUNSEL FOR DEBTOR**

This matter is before the Court on the *Application to Employ Stone & Baxter, LLP as Counsel for Debtor* (the "**Application**"). No notice or hearing on the Application is necessary. The Application and accompanying verification demonstrate that the attorneys of Stone & Baxter, LLP are qualified to practice in this Court, that they are disinterested and represent no interest adverse to Debtor or its Bankruptcy Estate in the matters upon which they are to be engaged, and that this Bankruptcy Case justifies the employment of such professionals for the purposes specified. Accordingly, it is hereby

ORDERED that, pursuant to 11 U.S.C. §§ 105(a), 327, and 328 and Bankruptcy Rule 2014, the Application is GRANTED. Debtor is authorized to employ Stone & Baxter, LLP as counsel in

her Bankruptcy Case, as of July 1, 2026. It is further

ORDERED that compensation shall be paid to Stone & Baxter, LLP upon notice, hearing, and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331 upon an appropriately-detailed application therefor, to be served upon the United States Trustee or in accordance with a separate order entered by the Court with respect to the compensation of professionals. It is further

ORDERED that Debtor's counsel shall serve this Order upon the United States Trustee and all creditors and parties-in-interest within seven (7) business days after its entry. The United States Trustee and all creditors and parties-in-interest shall have twenty-one (21) days from the service date of the Order within which to file a written objection to the entry of this Order, stating the grounds therefor; provided, however, that parties receiving this Order by mail may add three (3) days to the objection deadline in accordance with F.R.B.P. 9006(f). A copy of any such objection shall be served upon Debtor's counsel, addressed: David L. Bury, Jr., Stone & Baxter, LLP, 577 Third Street, Macon, Georgia 31201, dbury@stoneandbaxter.com.

If an objection is filed and served as provided herein, then a hearing on said objection shall be scheduled upon further order. If no objection is filed and served as provided herein, then this Order shall become self-executing, without further hearing or notice.

**END OF DOCUMENT**

**This Order prepared by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 *facsimile*;
dbury@stoneandbaxter.com
Proposed Counsel for Debtor

**CERTIFICATE OF SERVICE**

This is to certify that on this day I served a copy of the foregoing *Application to Employ Stone & Baxter, LLP, as Counsel for Debtor* via the Court's CM/ECF system, which sent notice electronically to all attorneys of record, including the United States Truste, Subchapter V Trustee, and any parties who filed a notice of appearance in this case.

This 15th day of July, 2026.

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066