**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION TO ESTABLISH COMPENSATION PROCEDURES FOR PROFESSIONALS**

COMES NOW Allison Belinda Burkett, Debtor and Debtor-in-Possession in the above-captioned case (the "**Debtor**"), and files this *Motion to Establish Compensation Procedures for Professionals* (the "**Motion**"), respectfully showing as follows:

1. Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on July 1, 2026 (the "**Petition Date**").

2. Debtor continues to operate her business and manage her property as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

3. No creditor's committee has been appointed in this case. No Chapter 11 trustee or examiner has been appointed in this case.

4. Jenny Martin Walker was appointed as the Subchapter V Trustee (the "**Sub V Trustee**") on July 2, 2026. [Dkt. 5].

5. In furtherance of her duties as Debtor-in-Possession, Debtor has sought the retention of attorneys. Additionally, it may become necessary during the course of the case for Debtor to seek to retain additional professionals, such as accountants, appraisers, brokers, attorneys, and consultants to assist in the performance of her duties, or to assist in litigation or the formulation of a plan of reorganization.

6. Under Section 331 of the Bankruptcy Code, such professionals are limited to applying for interim compensation not more than once every 120 days after the Petition Date, unless the Court authorizes applications for interim compensation more frequently.

7. Disbursement on account of 120 days of accumulated professional fees could unreasonably impact Debtor's cash flow, especially under the accelerated Subchapter V timeline.

8. Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 2016(b) authorizes supplemental payments and deposits to professionals following the filing of the bankruptcy case, provided that each professional discloses such additional payments within fourteen (14) days after any payment or agreement not previously disclosed.

9. As an inducement to encourage qualified professionals to agree to represent the Debtor in this case and to dissipate the impact of an award of professional fees upon Debtor's cash flow, Debtor seeks permission to make payments toward awards of interim and final compensation with court-appointed professionals now or hereafter appointed in this case, to allow professionals to apply such additional deposits to charges for accrued services and expenses, in accordance with the following proposed procedures:

(1) All professionals employed in this case, whether upon a time basis, a deposit basis, or a contingent fee basis shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code.

(2) Commencing as of July 31, 2026, for all services performed prior to such date and as of the end of each regular billing period thereafter, each professional may submit to Stone & Baxter, LLP invoices for interim compensation and shall provide copies thereof to the United States Trustee, the Subchapter V Trustee, counsel for any creditor holding or asserting a claim secured by "cash collateral," and such other parties as the Court may direct.

(3) The parties receiving such fee invoices shall have fourteen (14) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for Debtor, the United States Trustee, and the Subchapter V Trustee specific written objections to payment of any of the time or

expenses itemized. Such written objections shall specifically identify the item or expense objected to and shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fourteen (14) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fourteen (14) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of **Exhibit 1** attached hereto) and the fees shall then be eligible to be paid by Debtor, subject to the terms of the Compensation Procedures Order.

(5) If a specific written objection to the invoice is timely filed, then, after the expiration of the fourteen (14) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be eligible to be paid by Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(6) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fourteen (14) days after the date of each deposit to such professional.

(7) Commencing as of November 30, 2026, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional may file applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Such professional shall serve a copy of such application and the Notice of Compensation upon (i) the United States Trustee; (ii) counsel for any creditor holding a claim secured by "cash collateral"; (iii) Debtor's counsel; and (iv) the Subchapter V Trustee. Additionally, the Notice of Compensation shall be served in accordance with Bankruptcy Rule 2002(a) upon all creditors and other parties-in-interest who appear on the mailing matrix.

(8) All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be filed and served in accordance with the local rules of this Court.

(9) All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(10) In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(11) Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized as such deposits or payments are received, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

WHEREFORE, Debtor respectfully requests that this Court enter an order, substantially in the form proposed on **Exhibit A**, establishing these proposed compensation procedures.

Respectfully submitted, this 15th day of July, 2026.

**STONE & BAXTER, LLP**
By:

/s/ *David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 486182

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
tcrymes@stoneandbaxter.com

Proposed Counsel for Debtor

G:\CLIENTS\Middle Georgia Vascular Surgery Center, LLC\Burkett v. Ch. 11\First Day Motions\2. Comp Procedures Motion (final for upload).docx

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS**

Upon consideration of the *Motion to Establish Compensation Procedure for Professionals* (Dkt. __) (the "**Motion**") filed by the Debtor for authorization to establish compensation procedures for professionals; and it appearing that proper and adequate notice of the Motion, opportunity to object, and opportunity for a hearing have been given and that, except as provided herein, no other or further notice is necessary; and it appearing that such procedures would aid in the efficient administration of the bankruptcy estate, aid the stabilization of Debtor's cash flow, and be consistent with the interests of Debtor, creditors, and the estate, it is hereby

**ORDERED** as follows:

(1) All professionals employed in this case, whether upon a time basis, a deposit basis, or a contingent fee basis shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code.

(2) Commencing as of July 31, 2026, for all services performed prior to such date and as of the end of each regular billing period thereafter, each professional may submit to Stone & Baxter, LLP invoices for interim compensation and shall provide copies thereof to the United States Trustee, the Subchapter V Trustee, counsel for any creditor holding or asserting a claim secured by "cash collateral," and such other parties as the Court may direct.

(3) The parties receiving such fee invoices shall have fourteen (14) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for Debtor, the United States Trustee, and the Subchapter V Trustee specific written objections to payment of any of the time or expenses itemized. Such written objections shall specifically identify the item or expense objected to and shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fourteen (14) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fourteen (14) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of **Exhibit 1** attached hereto) and the fees shall then be eligible to be paid by Debtor, subject to the terms of the Compensation Procedures Order.

(5) If a specific written objection to the invoice is timely filed, then, after the expiration of the fourteen (14) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be eligible to be paid by Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(6) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fourteen (14) days after the date of each deposit to such professional.

(7) Commencing as of November 30, 2026, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional may file applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Such professional shall serve a copy of such application and the Notice of Compensation upon (i) the United States Trustee; (ii) counsel for any creditor holding a claim secured by "cash collateral"; (iii) Debtor's counsel; and (iv) the Subchapter V Trustee. Additionally, the Notice of Compensation shall be

served in accordance with Bankruptcy Rule 2002(a) upon all creditors and other parties-in-interest who appear on the mailing matrix.

(8) All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be filed and served in accordance with the local rules of this Court.

(9) All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(10) In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(11) Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized as such deposits or payments are received, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

**END OF DOCUMENT**

**This Order Prepared and Submitted by:**

*/s/ David L. Bury, Jr.*

David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com

Proposed Counsel for Debtor

# EXHIBIT 1

## FORM CERTIFICATE OF NO OBJECTION

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| ________________________________ | : | |

**CERTIFICATE OF NO OBJECTION**

COMES NOW, (x), counsel for (x) in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1.

In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered ___________________, 2026 (the "**Compensation Procedure Order**"), (x) served a monthly invoice (the "**Monthly Fee Statement**") on (x), 202x for the period of time beginning (x), 202x and ending (x), 202x.

2.

(X)'s Monthly Fee Statement was served upon the proper parties per the Compensation Procedures Order.

3.

As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to file and serve a written objection. The deadline for objections was (x). (X) has not received any objections to the Monthly Fee Statement and the records of the Court indicate that the Court has received no objection.

4.

In accordance with the Compensation Procedures Order, the Debtor is authorized to pay the fees and expenses submitted by (X) in its Monthly Fee Statement as no objections have been filed within the time permitted by the Compensation Procedures Order.

This _____ day of _____________, 2026.

(FIRM NAME)
BY:

/s/___________________________________
(Name of Person signing pleading)
Bar No. _____________
(Insert Address)
(Insert Phone and Fax No.'s)