**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE CONTINUED USE OF EXISTING BANK ACCOUNTS**

COMES NOW Allison Belinda Burkett, Debtor and Debtor-in-possession in the above-captioned Chapter 11 case (the "**Debtor**"), and hereby moves this Court for entry of an order, pursuant to Sections 105(a), 345, and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"), the continued maintenance and use of Debtor's existing bank accounts and checks in the ordinary course of business (the "**Motion**"). In support of the Motion, Debtor, by and through her undersigned counsel, respectfully shows as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a), 345, and 363 of the Bankruptcy Code.

## BACKGROUND

4. Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on July 1, 2026 (the "**Petition Date**").

5. Debtor continues to operate her business and manage her property as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

6. No committee, trustee, or examiner has been appointed in the case.

7. Jenny Martin Walker was appointed as the Subchapter V Trustee (the "**Sub V Trustee**") on July 2, 2026. [Dkt. 5].

**REQUESTED RELIEF**

8. By this Motion, Debtor seeks entry of an order pursuant to Sections 105(a) and 363 of the Bankruptcy Code, authorizing the continued maintenance and use of Debtor's existing bank accounts, including continued use of existing checks.

9. In addition, Debtor seeks a finding from this Court that the relief sought herein satisfies Bankruptcy Rule 6003 (which limits certain so-called "first day" relief to that needed to avoid immediate and irreparable harm) and a waiver of the notice requirements and the implementation of any stay of the effectiveness of an order on this Motion as may be required by Bankruptcy Rule 6004(a) and Bankruptcy Rule 6004(h) (the "**Order**").

**BASIS FOR RELIEF**

10. The Office of the United States Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. These guidelines require a Chapter 11 debtor to, among other things: (i) close all existing bank accounts and open new debtor-in-possession bank accounts; (ii) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (iii) maintain a separate debtor-in-possession account for cash collateral; and (iv) obtain checks for all debtor-in-possession accounts which bear the designation "Debtor-In-Possession," the bankruptcy case number and the type of accounts. These requirements are designed to draw a clear line of

demarcation between prepetition and post-petition transactions and operations and prevent the inadvertent post-petition payment of prepetition claims. Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, a Debtor may seek a waiver of these requirements and authorization to continue using her existing bank accounts.

11. Before the commencement of this Chapter 11 case and in the ordinary course of business, the Debtor primarily maintained her personal checking accounts with Truist Bank and Robins Financial Credit Union (the "**Accounts**") which constituted property of the estate.

12. In the ordinary course of her business, many of the Debtor's regular bills (utilities, mortgage, etc.) are on auto-draw through the Accounts. Additionally, Debtor's paycheck is on direct deposit through the Accounts.

13. Based on a review of the United States Trustee's list of authorized DIP depositories, the Truist account is the only account listed as an authorized depository.

14. Thus, Debtor seeks authorization to continue using the Accounts. For the reasons set forth below, the continued operation of the Accounts is vital to the ongoing business operations of Debtor and in the best interest of Debtor and her estate.

15. First, the Accounts are convenient to the Debtor's residence and place of business.

16. Second, the Debtor has an existing relationship with Truist and Robins Financial Credit Union and has been conducting business there for a number of years.

17. Third, after reviewing the list of authorized depositories, Debtor does not believe there are other convenient banking branches or location near her residence and business operations where they could quickly set up a new DIP account and readily access the branch with any issues.

18. Thus, the Debtor believes that the use of the Accounts is essential to a smooth transition into and continuation of her operations in Chapter 11, as it will allow the Debtor to

maintain her current cash management processes without delay or interruption. By preserving business banking continuity and avoiding the operational and administrative delays and inconvenience that would accompany closing the Accounts and the re-establishment of a new account at another institution, the relief requested is in the best interests of the Debtor's estate and all parties-in-interest.

19. Thus, the Debtor respectfully requests that the Court waive the United States Trustee's DIP account requirements and the requirements of § 345 and authorize the Debtor to continue to maintain and use the Accounts with the same account numbers, styles, and document forms as the Debtor has used since opening the account. Further, the Debtor proposes the following:

a. Debtor will work with Truist and Robins Financial Credit Union to include a designation of the Accounts as a debtor-in-possession account.

b. Debtor's existing banks will continue to service and administer the applicable bank accounts, as the accounts of the Debtor-in-Possession, in the usual and ordinary course of business, and receive, process, honor, and pay all post-petition checks, drafts, wires, or other automated transfers drawn on the accounts; provided, however, that the bank shall not honor pre-petition checks drawn on the account unless a Court order is in place.

c. Debtor's existing bank will continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of the order that follows this motion; the parties to such agreements shall continue to enjoy the rights and remedies afforded to them under

such agreements, except to the extent modified by the terms of the order that follows this Motion or by operation of the Bankruptcy Code.

d. Debtor will not maintain deposits that exceed the amounts insured by the Federal Deposit Insurance Corporation.

e. In accordance with the U.S. Trustee's Operating Guidelines, the Debtor will submit Monthly Operating Reports to the Office of the U.S. Trustee and said reports will include a copy of the Debtor's bank statements for her accounts to ensure the Debtor's compliance. Furthermore, for the period being reported on with each Monthly Operating Report, the Debtor will provide documentation which evidences and verifies both the source and amount of all cash deposits made by the Debtor, including copies of checks, check stubs, or other documentation.

f. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of the order authorizing this Motion.

20. Bankruptcy Rule 6003 provides that, "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate . . ." Fed. R. Bankr. P. 6003(b). Debtor submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

21. Furthermore, Debtor requests the Court to enter an interim order approving the Motion subject to any written objection for a period of 21 days from the service of the Motion. Debtor submits that entry of an order granting the relief sought herein does not create harm to Debtor's creditors or other parties-in-interest. To the extent any objection is timely filed and

served, then Debtor requests the Court convene a hearing to consider such objection, but the Court's Order shall remain in full force and effect and binding in all respect unless and until there is any further ruling from this Court. Debtor requests that if no objection is timely filed and served, the Court's interim order be deemed a final order without need for any further action of this Court.

22. Additionally, in order to implement the foregoing successfully, Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As set forth above continued use of the Account on an immediate basis is essential to prevent potentially irreparable damage to Debtor, her business operations, and the estate. Accordingly, Debtor submits that cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

23. Debtor will serve this Motion as directed by the Court.

WHEREFORE, Debtor respectfully requests that the Court enter an Order, in the form proposed on **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Respectfully submitted, this 15th day of July, 2026.

**STONE & BAXTER, LLP**
By:

/s/ *E. Tate Crymes*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 486182

Proposed Counsel for Debtor

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
tcrymes@stoneandbaxter.com

G:\CLIENTS\Middle Georgia Vascular Surgery Center, LLC\Burkett v. Ch. 11\First Day Motions\4a. Motion for Order Authorizing Maintenance of Bank Accounts incl Proposed Order.docx

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER GRANTING MOTION OF DEBTOR FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS**

On the Bank Account Motion filed on July 15, 2026 (Dkt. __) (the "**Motion**"), wherein the above-named Debtor moved this Court, pursuant to Sections 105(a), 345, and 363 of the Bankruptcy Code, for an order authorizing continued use of existing bank accounts and checks, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, her estate, and her creditors; (iv) under the circumstances, proper and adequate notice of the Motion has been given and no

other or further notice is necessary; and (v) on the record and after due deliberation, good and sufficient cause exists to grant the requested relief, it is hereby,

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Debtor is relieved of the Section 345 requirements and authorized to maintain her existing bank account and use her existing checks and deposit slips in the ordinary course of business; and it is further

ORDERED that Debtor's existing banks specifically set forth in the Motion is hereby authorized to continue to service and administer the applicable bank account as the account of the Debtor-in-Possession and in the usual and ordinary course, and to receive, process, honor, and pay all post-petition checks, drafts, wires, or other automated transfers drawn on the accounts; provided, however, that the bank shall not honor pre-petition checks drawn on the account unless a Court order is in place permitting such pre-petition checks to be honored; and it is further

ORDERED that Debtor's existing banks set forth in the Motion is hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between the banks and the Debtor, except and to the extent otherwise directed by the terms of this Order; the parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code; and it is further

ORDERED that the Debtor shall not maintain deposits in any one account that is in excess of the amounts which are insured by the Federal Deposit Insurance Corporation; should the Debtor determine that future deposits will exceed said insured amount, the Debtor shall make arrangements to open such additional bank accounts as is necessary and appropriate; and it is further

ORDERED that the requirements of Section 345 are waived to the extent provided in this Order; and it is further

ORDERED that, in accordance with the U.S. Trustee's Operating Guidelines, the Debtor shall submit Monthly Operating Reports to the Office of the U.S. Trustee. Such reports shall include copies of the Debtor's bank statements to insure the Debtor's compliance with this Order. And for the period being reported on each Monthly Operating Report, the Debtor shall provide documentation which evidences and verifies both the source and amount of all cash deposits made by the Debtor, including copies of checks, check stubs, or other documentation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**END OF DOCUMENT**

This Order Prepared and Submitted by:

*/s/ E. Tate Crymes*
E. Tate Crymes
Georgia Bar No. 486182
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
tcrymes@stoneandbaxter.com
Proposed Counsel for Debtor