**SO ORDERED.**

**SIGNED this 12 day of August, 2026.**

Robert M. Matson

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

## ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS

Upon consideration of the *Motion to Establish Compensation Procedure for Professionals* (Dkt. 19) (the "**Motion**") filed by the Debtor for authorization to establish compensation procedures for professionals; and it appearing that proper and adequate notice of the Motion, opportunity to object, and opportunity for a hearing have been given and that, except as provided herein, no other or further notice is necessary; and it appearing that such procedures would aid in the efficient administration of the bankruptcy estate, aid the stabilization of Debtor's cash flow, and be consistent with the interests of Debtor, creditors, and the estate, it is hereby

**ORDERED** as follows:

(1) All professionals employed in this case, whether upon a time basis, a deposit basis, or a contingent fee basis shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code.

(2) Commencing as of July 31, 2026, for all services performed prior to such date and as of the end of each regular billing period thereafter, each professional may submit to Stone & Baxter, LLP invoices for interim compensation and shall provide copies thereof to the United States Trustee, the Subchapter V Trustee, counsel for any creditor holding or asserting a claim secured by "cash collateral," and such other parties as the Court may direct.

(3) The parties receiving such fee invoices shall have fourteen (14) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for Debtor, the United States Trustee, and the Subchapter V Trustee specific written objections to payment of any of the time or expenses itemized. Such written objections shall specifically identify the item or expense objected to and shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fourteen (14) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fourteen (14) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of **Exhibit 1** attached hereto) and the fees shall then be eligible to be paid by Debtor, subject to the terms of the Compensation Procedures Order.

(5) If a specific written objection to the invoice is timely filed, then, after the expiration of the fourteen (14) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be eligible to be paid by Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(6) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fourteen (14) days after the date of each deposit to such professional.

(7) Commencing as of November 30, 2026, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional may file applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Such professional shall serve a copy of such application and the Notice of Compensation upon (i) the United States Trustee; (ii) counsel for any creditor holding a claim secured by "cash collateral"; (iii) Debtor's counsel; and (iv) the Subchapter V Trustee. Additionally, the Notice of Compensation shall be

served in accordance with Bankruptcy Rule 2002(a) upon all creditors and other parties-in-interest who appear on the mailing matrix.

(8) All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be filed and served in accordance with the local rules of this Court.

(9) All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(10) In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(11) Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized as such deposits or payments are received, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

**END OF DOCUMENT**

**This Order Prepared and Submitted by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com

Counsel for Debtor