**SO ORDERED.**

**SIGNED this 16 day of September, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLISON BELINDA BURKETT, | : | Chapter 11 Case No. 26-51110-RMM |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER GRANTING MOTION OF DEBTOR FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS**

On the Bank Account Motion filed on July 15, 2026 (Dkt. 22) (the "**Motion**"), wherein the above-named Debtor moved this Court, pursuant to Sections 105(a), 345, and 363 of the Bankruptcy Code, for an order authorizing continued use of existing bank accounts and checks, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, her estate, and her creditors; (iv) under the circumstances, proper and adequate notice of the Motion has been given and no

other or further notice is necessary; and (v) on the record and after due deliberation, good and sufficient cause exists to grant the requested relief, it is hereby,

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Debtor is relieved of the Section 345 requirements and authorized to maintain her existing bank accounts—including her international accounts at JMMB Bank in Jamaica held individually and jointly with family members—and use her existing checks and deposit slips in the ordinary course of business; and it is further

ORDERED that Debtor's existing banks specifically set forth in the Motion—as well as JMMB Bank—are hereby authorized to continue to service and administer the applicable bank accounts as the accounts of the Debtor-in-Possession and in the usual and ordinary course, and to receive, process, honor, and pay all post-petition checks, drafts, wires, or other automated transfers drawn on the accounts; provided, however, that the bank shall not honor pre-petition checks drawn on the account unless a Court order is in place permitting such pre-petition checks to be honored; and it is further

ORDERED that Debtor's existing banks set forth in the Motion—as well as JMMB Bank—are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between the banks and the Debtor, except and to the extent otherwise directed by the terms of this Order; the parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code; and it is further

ORDERED that the Debtor shall not maintain deposits in any one account that is in excess of the amounts which are insured by the Federal Deposit Insurance Corporation; should the Debtor determine that future deposits will exceed said insured amount, the Debtor shall make

arrangements to open such additional bank accounts as is necessary and appropriate; and it is further

ORDERED that the requirements of Section 345 are waived to the extent provided in this Order; and it is further

ORDERED that, in accordance with the U.S. Trustee's Operating Guidelines, the Debtor shall submit Monthly Operating Reports to the Office of the U.S. Trustee. Such reports shall include copies of the Debtor's bank statements—including statements for the accounts held with JMMB Bank—to insure the Debtor's compliance with this Order. And for the period being reported on each Monthly Operating Report, the Debtor shall provide documentation which evidences and verifies both the source and amount of all cash deposits made by the Debtor, including copies of checks, check stubs, or other documentation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**END OF DOCUMENT**

This Order Prepared and Submitted by:

*/s/ E. Tate Crymes*
E. Tate Crymes
Georgia Bar No. 486182
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
tcrymes@stoneandbaxter.com
Counsel for Debtor